## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT STOUTENBOROUGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 11-1450 |
| ) | |
| RANDY PFISTER, Warden, ) | |
| ) | |
| Respondent. ) | |

# **O R D E R**

Now before the Court is Petitioner, Scott Stoutenborough's ("Stoutenborough"), Motion for Reconsideration of the Denial of his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the Motion for Reconsideration [25] is DENIED.

### DISCUSSION

"Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996).  Furthermore, it is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider.  Id. at 1270.

Stoutenborough's Petition asserted four claims: (1) the trial court lacked subject matter jurisdiction to amend Count III to name a different victim; (2) the trial court erred by instructing the jury to deliberate on the erroneously-amended Count III; (3) the prosecution erred by claiming that amending Count III to name a different victim was correction of a scrivener's error; and (4) trial

counsel was ineffective for failing to obtain his informed consent to the amendment to Count III. In denying his habeas, the Court found that his first claim that the trial court lacked subject matter jurisdiction to amend Count III to name a different victim was non-cognizable, as the Illinois Appellate Court resolved the claim strictly by reference to the Illinois constitution and state law. His other three claims were procedurally defaulted for either failure to raise the claim on direct appeal or before the trial court in the post-conviction petition or because the state court rested its decision on "a state law ground that is independent of the federal question and adequate to support the judgment." Grigsby v. Cotton, 456 F.3d 727, 732 (7th Cir. 2006). With no showing of cause or prejudice, these defaulted claims were barred from federal review.

Stoutenborough's Motion to Reconsider is based on his belief that grand jury transcripts are somehow relevant as newly discovered evidence in support of his Petition. However, given that his claims were disposed of on purely procedural grounds precluding federal review, the grand jury transcript was simply not relevant and was therefore not considered by the Court in addressing the Petition.

## CONCLUSION

For the reasons set forth herein, Stoutenborough's Motion for Reconsideration [25] is DENIED.

ENTERED this 1st day of February, 2013.

                                                                                                               s/ James E. Shadid
                                                                                                                 James E. Shadid
                                                                                      Chief United States District Judge